# NO. 12-22-00173-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KARL LYNN SHACKELFORD,* *APPELLANT* | *§* | *APPEAL FROM THE COUNTY* |
| | *§* | *COURT AT LAW NO 2* |
| *V.* | | |
| | *§* | *SMITH COUNTY, TEXAS* |
| *THE STATE OF TEXAS,* *APPELLEE* | | |

*MEMORANDUM OPINION*
*PER CURIAM*

Karl Lynn Shackelford appeals his conviction for criminal trespass. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm the trial court's judgment.

## BACKGROUND

Appellant was charged by information with criminal trespass.[1] After declining appointed counsel and stating that he wished to represent himself, Appellant pleaded "not guilty," and the case proceeded to a jury trial.

The jury heard evidence that Appellant entered real property located in Tyler, Texas, without the consent of the owner or the lessee. The landowner testified that Appellant did not have permission to enter her property, and she warned him not to do so. The lessee testified that he told Appellant several times to stop entering the property, but Appellant continued to enter the property and tore down the lessee's "No Trespassing" signs, so the lessee called the sheriff's

---

[1] *See* TEX. PENAL CODE ANN. § 30.05 (West Supp. 2022).

office. Deputy Jose Rojas of the Smith County Sheriff's Office was dispatched to the property, and upon arriving, he found Appellant on the property. Appellant told Deputy Rojas that he knew he was not supposed to be on the property.

After the presentation of evidence and arguments, the jury found Appellant "guilty" of criminal trespass, and the trial judge assessed punishment at 180 days of confinement in the Smith County jail. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. Counsel further states that she is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case and states that counsel is unable to raise any arguable issues for appeal.[2]

Thereafter, Appellant filed a pro se brief, in which he contends the evidence was factually insufficient and the trial court lacked jurisdiction due to a pending bankruptcy. We reviewed the record for reversible error and found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we *grant* counsel's motion for leave to withdraw and *affirm* the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. *See In re Schulman*, 22 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered May 10, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 10, 2023**

**NO. 12-22-00173-CR**

**KARL LYNN SHACKELFORD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No 2
of Smith County, Texas (Tr.Ct.No. 002-80161-21)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*